**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES, *ex rel.*,          )<br>     MCBRIDE,                                )<br>                                                  )<br>     Plaintiff/Relator,                   )<br>                                                  )<br>          v.                                      )          Civ. No. 1:05-CV-828 (HHK/JMF)<br>                                                  )<br>HALLIBURTON CO., *et al.*,        )<br>                                                  )<br>     Defendants.                           )<br>                                                  ) | |

**RELATOR'S MOTION FOR SANCTIONS**

Relator Julie McBride, through her undersigned counsel, respectfully files the instant Motion for Sanctions. Relator properly noticed a Fed. R. Civ. P. 30(b)(6) deposition of Defendants for August 5, 2010. The deposition notice set forth seven topics. Defendants objected to two subsections of two of the seven topics and filed a "Notice" that stated their intention to move for a protective order. Defendants then filed a motion for a protective order. However, despite the impending close of discovery, Defendants: 1) declined to file the motion as an emergency motion; 2) declined Relator's repeated invitations to contact the Court prior to the deposition or the close of discovery to seek an expedited resolution; and 3) failed to obtain a protective order prior to the noticed deposition date or the close of discovery. Defendants nevertheless refused to appear for the properly noticed deposition – not only with respect to the two subsections of the seven noticed topics to which they object, but with respect to the entire deposition.

As discussed below, Defendants are not entitled effectively to "grant themselves" a protective order, much less to do so with respect to topics to which they do not even object. This is particularly the case here, where it enabled the Defendants to escape entirely their Rule 30(b)(6) deposition obligations prior to the close of discovery. Relator therefore requests an Order that imposes an appropriate sanction, which Relator submits is the fees and expenses incurred to attend the deposition.[1]

## BACKGROUND

Under the Amended Scheduling Order, discovery in this matter closed on August 13, 2010. (Docket No. 102.)

On July 22, 2010, Relator served upon Defendants her Fed. R. Civ. P. 30(b)(6) Notice of Deposition. Ex. 1. The Rule 30(b)(6) deposition was noticed for August 5, 2010. *Id*. The deposition noticed the following seven topics:

> 1. The authenticity, creation, submission and payment of Defendant payment vouchers, invoices or claims under LogCAP III Task Orders 59 and 89 for MWR services at the following camps:  a) B3 Fallujah and B4 Ar Ramadi, during the period of July 1, 2004 through April 1, 2005, b) C2 Remagen and C5 Taji, from October 1, 2004 through February 15, 2006, and communications with the Government concerning the foregoing.
>
> 2. The authenticity, creation and submission of Logistics Reports, Basis of Estimate ("BOE") reports, cost proposals and Award Fee Board Presentations, or other similar reports, that refer or relate to MWR services or patronage during the period of July 1, 2004 and February 1, 2006, and communications with the Government concerning the foregoing.
>
> 3. All efforts, if any, undertaken to ensure that the vouchers and reports described in topic numbers one and two above were accurate.
>
> 4. The indirect cost rates used to bill under LogCAP III Task Orders 59 and 89 for MWR services at a) camps B3 Fallujah and B4 Ar Ramadi, during July 1, 2004

---

[1] As discussed *infra*, the burden to obtain relief from the Rule 30(b)(6) notice is and was on the Defendants. *E.g.*, Fed. R. Civ. P. 26(c) & 37. Nothing herein should be construed to suggest otherwise.

> through April 1, 2005, b) C2 Remagen and C5 Taji, from October 1, 2004 through February 15, 2006; and the application of such indirect cost rates to direct costs.
>
> 5. The existence, storage and any destruction or other disposition of documents that formed the basis for representations of MWR patronage in BOEs, LogReps, and Award Fee Board Presentations to the Government.
>
> 6. The subject matter of Relator's Requests for Admssion Nos. 1 and 2 dated May 18, 2010, and Interrogatories 2 and 3 dated May 18, 2010.
>
> 7. The email address logcapcdrls@dcma.mil as a recipient of logistics reports attached to emails sent by one or more representatives of one or more of the Defendants.

*Id*.

Defendants objected to two subsections of two of the seven noticed Rule 30(b)(6) deposition topics, *i.e.*, topic 1(b) and topic 2 as it relates to topic 1(b).[2]  As a result, on July 22, 2010, Defendants filed a "Notice" that (*inter alia*) stated their intention to file a motion for protective order with respect to those two subsections.  (Dkt. No. 115.)  On July 30, 2010, the Defendants filed their motion for a protective order concerning the two subsections.  (Dkt. No. 119.)  The Motion was styled as a routine motion and not an emergency motion.  *Id*.

Thereafter, in order to seek a resolution of the Defendants' objections prior to the deposition, the parties' counsel discussed the filing of a joint motion for the entry of an order that would set the Rule 30(b)(6) deposition for a date after the close of discovery.  In this connection, Relator's counsel made it clear that absent the entry of the jointly proposed order, the deposition, scheduled for Thursday, August 5, 2010, would proceed:

> Just so that there is no misunderstanding on the following point, if the Court should deny the Motion for any reason prior to Thursday, it would be our intention to go forward on the 5th, holding the deposition open upon completion

---

[2] The indirect cost rates used by the Defendants to bill the United States under LogCAP III Task Orders 59 and 89 for MWR services at B3 Fallujah, B4 Ar Ramadi, C2 Remagen, and C5 Taji (*see* Topic 4, *infra* at 2), are understood to be the same.

> on the 5th for those topics that are the subject of Defendants' Motion for Protective Order.

Ex. 2.

> Also-- Relator would similarly intend to go forward on the 5th… if the Court should fail to rule on the Motion prior to Thursday.

*Id.*

Also prior to the filing of the Joint Motion, Relator's counsel suggested to Defendants' counsel that they contact the Court to alert the Court of the filing of the Joint Motion. Relator's counsel further stated that in order to give the Court more time to address the Joint Motion, Relator was willing to continue the deposition to a new date closer to the close of discovery:

> And I suggest that we jointly call the courthouse this afternoon to find out which [M]agistrate [Judge] has been assigned, and then contact chambers to alert the Judge to the Motion. I think we are in agreement that it is in both parties' interests to avoid confusion and post hoc disputes on this issue to have a prompt ruling on the Motion. In the meantime, after the Joint Motion is filed, we'll agree to set a new control date for the 30(b)(6) deposition of August 10th as a cushion in the event that the Court should fail to rule on the Joint Motion for any reason, and to give your witness or witnesses additional time to prepare for the topics that are not in dispute. We can issue an amended Notice of Deposition in that regard if you would like to have it in that format apart from this or a separate email of this afternoon.

Ex. 3.

Later the same day, the Defendants' filed the Joint Motion for Entry of Order Regarding 30(b)(6) Deposition (the "Joint Motion"). (Docket No. 122.) Therein, the parties proposed an order that postponed the deposition until fifteen days after the resolution of Defendants' motion for a protective order and Relator's pending motions to compel. *Id*. Consistent with the above-recounted communications, Relator the same day served an Amended Notice of Deposition continuing the deposition to August 10, 2010. Ex. 4.

The next day, Defendants counsel objected as follows:

4

> I have the amended 30b6 deposition notice you served last night. That notice is not consistent with the proposed agreed order we just filed. I'm also not aware of anything that would permit the Realtor (sic) unilaterally to notice the US District Courthouse as a deposition location. Defendants do not view the notice as effective and will not be producing any witness or witnesses in response to it.

Ex. 5.[3]

In response, Relator's counsel referred to his e-mails (recounted above) from the previous day, and also reiterated his invitation to contact the Court to seek the prompt entry of the Joint Motion Order:

> If the Court doesn't get to the Joint Motion today (or denies it), we're going to proceed with the deposition on Tuesday [August 10, 2010] in accordance with the Federal Rules of Civil Procedure, the Scheduling Order in the case, and our Amended Notice of Deposition. If you want to place a joint call over to chambers about getting the Order signed today we will certainly make ourselves available. You received my email messages of 10:47, 10:53, and 11:42 AM yesterday.

*Id*. Defendants again declined to place a call to the Court about getting the jointly proposed order signed.

Relator through her counsel appeared for the August 10, 2010 deposition for a room at the Courthouse. As promised in their above-noted (and other similar) communications, Defendants declined to appear.[4]

---

[3] Relator applied for and was granted permission to conduct the deposition at the Courthouse.

[4] For example, Defendants' counsel argued, despite repeated and explicit e-mails to the contrary prior to the filing of the Joint Motion, that Relator had agreed to excuse Defendants from their Rule 30(b)(6) deposition until after discovery *even without* a Court Order:

> We received Melissa Moore's letter requesting Defendants' attendees for the deposition you have noticed for tomorrow at the Courthouse. I have already told you that, in light of the parties' recent filings, including the representations we made together on August 3, 2010, in our Joint Motion for Entry of Order Regarding Rule 30(b)(6) Deposition, Defendants will not be presenting a Rule 30(b)(6) witness or witnesses at this time, and, specifically, do not plan to attend

5

## DISCUSSION

Fed. R. Civ. P. 37(d) states as follows:

(d) PARTY'S FAILURE TO ATTEND ITS OWN DEPOSITION . . . .
(1) *In General.*
(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; . . . .

(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Fed. R. Civ. P. 37(d).

"[T]he failure to appear at a deposition constitutes a violation of Rule 37(d) regardless of whether a motion for protective order has been filed." *Alexander v. FBI*, 186 F.R.D. 78, 86 (D.D.C. 1998). More specifically:

The filing of a motion for protective order does not automatically relieve a party from attending a deposition. However, the pendency of such a motion and whether the motion was filed in good faith may be factors the court considers in determining whether "the failure [to appear] was substantially justified or that other circumstances make an award of expenses unjust."

---

the noticed deposition tomorrow. If you have represented otherwise to the Marshals Service or to Court personnel, I urge you to correct those representations so that no one is inconvenienced. In our August 3 joint filing, over your signature and mine, we stated that "the parties are agreed" that Relator's Rule 30(b)(6) deposition of the Defendants "should be postponed until those motions [i.e., the parties' various pending discovery motions] are adjudicated." We have relied on that agreement and must insist that Relator abide by it. *See Banks v. Office of Senate Sergeant-at-Arms*, 222 FRD 7, 22 (DDC 2004) (Facciola, J.) (resolving deposition scheduling dispute by invoking "what I consider Rule Number One of professionalism and civility among lawyers -- a deal is a deal.").

Ex. 6.

6

*Id*.  "Rule 26(c) is not self-executing- the relief authorized under that rule depends on obtaining the court's order to that effect."  *Alexander*, 186 F.R.D at 87 (citing Fed. R. Civ. P. 37 [Advisory Committee Notes to 1993 Amendments]).

Here, three facts demonstrate that the Defendants' refusal to attend their deposition despite the pendency of their motion for protective order was in bad faith.  <u>First</u>, the Defendants' motion for protective order addresses only two subsections of the *seven* noticed topics.  Defendants did not seek protection with regard to the remainder of the noticed topics and no motion for protective order is pending with respect to the vast majority of the noticed topics.

<u>Second</u>, the Defendants failed to seek expedited resolution of their motion for protective order.  They declined to style their protective order motion as seeking emergency relief; and they similarly declined repeated offers by Relator to jointly contact the Court in order to alert the Court of the pendency of the motion and the need for rapid resolution.  The Defendants continued to refuse to contact the Court even after the Relator re-noticed the deposition for August 10, 2010 (a date that was still before the close of discovery).

The Defendants' refusal to act in this regard speaks volumes in light of the <u>third</u> fact – the close of discovery on August 13, 2010.  Namely, as a result, the Defendants have sought to escape being deposed concerning any of the noticed topics, including all those noticed topics to which they did not even object.  Defendants had the choice of (1) seeking expedited resolution (or at least accepting Relator's invitations to call the Court to seek an expedited or interim resolution), or (2) appearing for the duly noticed deposition prepared to address the majority of topics (with respect to which they had no objection whatsoever).  They instead have presumed to have it both ways as the date for completion of fact discovery expired with no deposition whatsoever.

The reference in Defendants' e-mail communication to *Banks v. Office of Senate Sergeant-at-Arms*, 222 FRD 7, 22 (D.D.C. 2004) (Facciola, J.) (referring to the importance of "professionalism and civility among lawyers") does not undercut but rather underscores the above conclusion. As discussed above, Relator's counsel expressly stated prior to the filing of the Joint Motion that should the motion for protective order be denied or be unresolved prior to the August 5, 2010 deposition date, the deposition would go forward; and they then agreed to continue the deposition to August 10, 2010. Throughout this period, the Defendants refused Relator's offers to contact the Court to seek the prompt entry of the jointly submitted proposed order, which would have addressed all of the parties' concerns (as professionalism and civility would seem to require). This further demonstrates the Defendants' true motivation – *i.e.*, to avoid any deposition at all, while letting the discovery schedule expire.

## **CONCLUSION**

For the reasons set forth above, Relator respectfully requests that her Motion for Sanctions be granted; and that Defendants be required to pay the reasonable attorneys' fees and costs associated with their refusal to appear for their August 10, 2010 deposition. A proposed Order is attached.

        Respectfully submitted,

        ___V. Kubli  /s/_____
        W. Clifton Holmes, No. 495186
        Victor A. Kubli, No. MD012917
        Kubli & Associates, P.C.
        8605 Westwood Center Dr.
        Suite 410
        Vienna, VA 22182
        Ph.: (703) 749-0000
        Fax: (703) 442-8672


        13948 Bromfield Road
        Germantown, MD 20874
        (301) 801-2330

        *Counsel to Qui Tam Plaintiff*

August 17, 2010

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 17th day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which should automatically send e-mail notification of such filing to the following attorneys of record:

>Alden L. Atkins
>John M. Faust
>Tirzah S. Lollar
>VINSON ELKINS L.L.P.
>The Willard Office Building
>1455 Pennsylvania Avenue, N.W., Suite 600
>Washington, D.C. 20004
>
>Gordon Jones
>U.S. DEPARTMENT OF JUSTICE
>601 D Street, N.W., Suite 9902
>Washington, D.C. 20530-0001

>                /s/
>Victor A. Kubli